IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| HOLLIE ANNETTE | ) | |
| | ) | |
| v. | ) | NO. 3:18-1299 |
| | ) | Richardson/Holmes |
| WILLIAM EDWARD HASLAM, et al | ) | |

**O R D E R**

Plaintiff has filed a motion (Docket Entry No. 137) to specifically disqualify Tennessee Assistant Attorney General Matt D. Cloutier, and generally disqualify the Tennessee Attorney General's Office ("TAG"), from representing several Defendants in this case – "Children's Services as a privately held corporation," Jane Bradley, William Edward Haslam, Robbie Beal, Heather Jeffries, Tonya Lyles Reed , and Claudia Bonnyman. A response in opposition to the motion has been filed by the Tennessee Attorney General and Reporter, *see* Docket Entry No. 142, to which Plaintiff has filed a reply. *See* Docket Entry No. 145.

"Motions to disqualify are viewed with disfavor and disqualification is considered a drastic measure which courts should hesitate to impose except when absolutely necessary." *In re Valley-Vulcan Mold Co.*, 237 B.R. 322, 337 (6th Cir. 1999) (internal citations omitted). As the party moving for disqualification of an opposing party's counsel, Plaintiff bears the burden of proving that counsel should be disqualified. *McKinney v. McMeans*, 147 F. Supp. 2d 898, 900 (W.D. Tenn. 2001); *Bartech Indus. v. Int'l Baking Co.*, 910 F. Supp. 388, 392 (E.D. Tenn. 1996). Because Plaintiff has not met this burden, the motion is DENIED.

Plaintiff asserts that the representation of Defendants by the TAG "is a conflict of interest, is not authorized by statues, and is strictly prohibited by ethical rules and regulations." *See* Motion

to Disqualify at 2. The Court is unpersuaded by any of these arguments. Plaintiff fails to point to any actual conflict of interest that requires the disqualification of Mr. Cloutier due to a prior attorney/client relationship between himself and Plaintiff. Plaintiff further argues that Defendants Haslam, Bonnyman, and Children's Services, and the TAG have a conflict of interest because Bonnyman presided over a case Plaintiff filed against Defendants Haslam and Children's Services in the Davidson County Chancery Court and in which Haslam and Children's Services were represented by the TAG. Again, Plaintiff fails to point out anything about this fact scenario that requires the disqualification of the TAG. *Id*. at 3. Merely representing a party in a prior case does not disqualify the TAG from future representation of that party.

Plaintiff's conflict of interest argument actually appears to be primarily based upon her objection to the TAG via Mr. Cloutier representing multiple defendants in her case and her belief that each of the Defendants should have to obtain separate counsel. *Id*. at 3; Reply at 1-2. Plaintiff points to Rule 1.7 of the ABA's Model Rules of Professional Conduct and Rules 1.4 and 1.7 of the Tennessee Rules of Professional Conduct as support for her argument. The Court finds no merit in Plaintiff's position. First, the representation of multiple clients in a case by a single attorney is not prohibited and does not *per se* create a conflict of interest that requires the written consent of the clients to their simultaneous representation by a single attorney. Second, Plaintiff has not shown that a concurrent conflict of interest exists under these rules.[1] Her argument that Defendants Jeffries and Bradley have a claim against each other is weak and unpersuasive, and

---

[1] Rule 1.7 of the Tennessee Rules, which tracks the language of the ABA's Model Rule 1.7, states that a concurrent conflict of interest exists if: "(1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Tennessee Rule 1.4 addresses required communications from a lawyer to a client and has no relevance to the actual determination of whether a concurrent conflict of interest exists.

her contention that Mr. Cloutier is not representing the best interests of the State of Tennessee and Children's Services when he also defends the individual Defendants, whom Plaintiff believes have acted criminally, is essentially an opinion on her part.

Similarly, the Court finds no merit in Plaintiff's contention that the TAG is not statutorily authorized to represent the individual Defendants in this case. Tenn. Code Ann. § 8-2-103(a) provides that the TAG has the discretion to represent state employees in a civil action for damages for acts within the scope of their employment, "except for willful, malicious, or criminal acts or omissions or for acts or omissions done for personal gain." A plaintiff has no role in determining this decision. It is within the sole discretion of the TAG to determine whether a defendant's conduct was willful, malicious, or criminal for the purposes of the statute, and the TAG representation of any individual Defendants in this lawsuit is within the sole discretion of the TAG. *See* Tenn. Code Ann. § 8-42-108; *Davis v. Hadden*, 2012 WL 996612 at *2 (E.D. Tenn. Mar. 22, 2012); *Herron v. Morgan*, 2000 WL 1121537 at *4 (Tenn. Ct. App. Aug. 9, 2000).

Plaintiff also argues that disqualification should occur because she has filed or will be filing criminal complaints and affidavits against Defendants Bradley, Beal, Jeffries and Reed and that the TAG should be disqualified because it has investigative and prosecutorial duties in certain types of matters. *See* Motion at 2; Reply at 4-5. However, Plaintiff has not shown that the aforementioned investigative and prosecutorial duties of the TAG extend to the subject matter of any of the criminal complaints and affidavits that she has filed.

Finally, Plaintiff accuses Mr. Cloutier, solely by virtue of his representation of Defendants in this case, of being complicit in criminal activity, of failing to promote justice and public good, and of being dishonest, untrustworthy, and unfit. *See* Reply at 2-3. The Court finds absolutely no evidentiary basis to support such serious allegations against Mr. Cloutier. No matter how strongly

Plaintiff believes that she has been wronged, such unfounded personal attacks have no place in this litigation.

Any party desiring to object to this Order may do so by filing a motion for review no later than fourteen (14) days form the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the objection. *See* Rule 72.01(a) of the Local Rules of Court. Responses to the motion for review must be filed within fourteen (14) days of service of the motion for review. *See* Rule 72.01(b) of the Local Rules of Court.

So ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge