IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HOLLIE ANNETTE | ) |
| | ) |
| v. | ) NO. 3:18-1299 |
| | ) |
| WILLIAM EDWARD HASLAM, et al. | ) |

**TO: Honorable Eli J. Richardson, District Judge**

### R E P O R T  A N D  R E C O M E N D A T I O N

By Order entered January 11, 2019 (Docket Entry No. 7), this *pro se* case was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pending before the Court is the motion to dismiss (Docket Entry No. 17) filed by Defendants Charles Barry Tatum and John Gwin. Plaintiff opposes the motion. *See* Docket Entry Nos. 52 and 93. For the reasons set out below, the undersigned respectfully recommends that the motion be granted.

### I. BACKGROUND

Hollie Annette ("Plaintiff") filed this lawsuit *pro se* on August 29, 2018, in the United States District Court for the District of Columbia and the case was subsequently transferred to this Court.[1] After the Court denied Plaintiff's application to proceed *in forma pauperis*, she paid the filing fee and summons were issued for 25 defendants: former Tennessee Governor William Edward Haslam; the State of Tennessee; the Tennessee Department of Children's Services; Jane Bradley; Robbie Beal; Heather Jeffries; Tonya Lyles Reed; Claudia Bonnyman; Judy Robbins Scott; Brenda Pierce;

---

[1] Plaintiff asserts that she is not currently a resident of any state but receives her mail at a post office box in North Carolina. S*ee* Complaint (Docket Entry No. 1) at 5, ¶ 3. It is unclear why she filed the lawsuit in the District of Columbia given that her allegations concern events occurring solely in Tennessee.

Lester Wayne Pierce; Jason Scott Robbins; Cheryl McAdams; Benton County, Tennessee; John Whitworth; the City of Dickson; Scott Hull; the City of Franklin; Becky Johnson; the City of Lebanon; Nathan Beatty; Charles Barry Tatum; John Gwin; and two "John Doe" defendants. *See* Docket Entry Nos. 8, 10, and 55.

Plaintiff states that she brings her lawsuit "for redress of grievances for the theft and holding hostage, without authority, of my sons and daughters and the ongoing and continuous malicious prosecution against me." *See* Complaint at 4, ¶ 1. In a 68-page complaint, Plaintiff recounts a litany of events that began in September 2011 when Jane Bradley ("Bradley") initiated an investigation on behalf of the Tennessee Department of Children's Services ("DCS"). Plaintiff alleges that during 2011 and 2012, she was the victim of wrongful and illegal activities at the hands of DCS employees Bradley, Heather Jeffries ("Jeffries'), and Cheryl McAdams ("McAdams"), which led to the temporary removal of her son and daughter from her custody in December 2011, their placement with Judy Robbins Scott ("Judy Scott") and Jason Scott Robbins ("Jason Robbins"),[2] and their permanent removal from her custody.[3] *Id.* at 10-25, ¶¶ 27-146. Among other things, Plaintiff alleges that: (1) she was denied proper judicial and administrative proceedings before Charles Barry Tatum ("Tatum") and John Gwin ("Gwin"), both of whom she alleges acted improperly; (2) false criminal charges were lodged against her because of her attempts to regain custody of her children; (3) she was subjected to illegal searches and seizures of her person and property, false arrests, and assaults by Franklin Police Department Detective Becky Johnson ("Johnson"), Dickson Police Department Officer Scott Hull ("Hull"), and Lebanon Police Department Officer Nathan Beatty ("Beatty"); and,

---

[2] Plaintiff appears to have some type of family relation with Defendants Judy Scott and Scott Robbins and asserts that Judy Scott is "my daughter's grandmother" and that Scott Robbins is a "parent." *See* Complaint at 6-7, ¶ ¶ 10 & 11.

[3] Plaintiff alleges that she permanently lost custody of her children on March 15, 2012, *see* Complaint at 19, ¶ 84, and that she has not "seen or heard from my son and daughter since May 31, 2012." *Id*. at 25, ¶ 144.

2

(4) Robbie Beal ("Beal") had her arrested and involuntarily committed for a mental health examination. *Id*.

Plaintiff next recounts a series of events occurring in 2014 that culminated in the removal of another one of her children from her custody. *Id*. at 25-29, ¶¶ 147-175 and 32-34, ¶¶ 208-219. Plaintiff alleges that: (1) she was illegally seized on September 3, 2014, and was interrogated and held in custody for 21 days by two unnamed officers of the Benton County Sheriff's Office; (2) DCS employee Tonya Lyles Reed ("Reed") "stole" her 18 month old son from a local hospital on September 3, 2014, and thereafter filed a petition for temporary custody of the child; (3) Reed, along with foster parents Brenda Pierce and Lester Wayne Pierce, wrongfully and illegally took custody of the child; and, (4) John Whitworth ("Whitworth") signed orders enforcing the removal of her son from her custody and directing that a "delayed birth certificate" be issued for the child. *Id*.

Finally, Plaintiff alleges that Claudia Bonnyman ("Bonnyman'") failed to act as a judicial officer with respect to several filings that Plaintiff made in 2016 and 2018, and acted improperly by: (1) denying Plaintiff legal remedies; (2) attempting to collect fees and information from Plaintiff; (3) failing to enforce the law; and, (4) ignoring the criminal activity of state employees. *Id*. at 31-32, ¶¶ 192-207.

Plaintiff asserts that she has exhausted all available state administrative remedies and has no recourse in the state courts. *Id*. at 25, ¶¶ 145-146. Alleging violations of her federal constitutional rights and her rights under the Tennessee constitution, Plaintiff seeks an award of damages for the various wrongdoings that she alleges she and her children have suffered at the hands of Defendants. She also seeks punitive damages, declaratory relief, and various forms of injunctive relief. For example, she requests orders directing that her three children be immediately returned to her custody and orders that "the State of Tennessee, its agents, and municipalities" cease and desist from taking certain actions against her and against other "men, women, and their offspring." *Id*. at 60-67.

3

## II. MOTION TO DISMISS

On February 25, 2019, Defendants Tatum and Gwin (hereinafter referred to collectively as "Defendants") responded to the complaint by filing the pending motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that Plaintiff fails to state viable claims for relief against them. First, they contend that Plaintiff has not shown that she served them with process. Second, they argue that any claims against them are barred by the applicable statute of limitations because the most recent events alleged against them occurred in 2012. Finally, they argue that the claims against them are barred by the doctrine of judicial immunity because the alleged conduct at issue occurred during judicial proceedings over which they presided as a General Sessions Judge and a Juvenile Judge for Wilson County, Tennessee. *See* Memorandum in Support (Docket Entry No. 18).

Plaintiff responds in opposition, making several arguments against the motion to dismiss and in support of her underlying claims against Defendants. *See* Response (Docket Entry No. 52). Also before the Court are Defendants' reply, *see* Docket Entry No. 56, and Plaintiff's affidavit, which essentially buttresses the content of her response. *See* Docket Entry No. 93.

## III. STANDARD OF REVIEW

Defendants' motion to dismiss is reviewed under the standard that the Court must accept all of the well pleaded allegations contained in the complaint as true, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). However, Plaintiff must provide the grounds for her entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173

4

L.Ed.2d 868 (2009). Plaintiff's factual allegations must be enough to show a plausible right to relief. *Twombly*, 550 U.S. at 555-61. The well pleaded factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

## IV. ANALYSIS

A. Timeliness of Defendants' Motion

Plaintiff contends that the motion is untimely because it was not filed within 21 days of the date, January 25, 2019, when Defendants were served with the summons and complaint. *See* Plaintiff's Response at 3, ¶ 3.

Because Plaintiff's argument appeared accurate on its face and Defendants did not address the issue in their reply, the Court directed Defendants to file a motion seeking leave under Rule 6(b)(1)(B) to excuse the untimely filing of their motion to dismiss. *See* Order entered July 19, 2019 (Docket Entry No. 168).

After review of Defendants' motion to extend (Docket Entry Nos. 172 and 173) and Plaintiff's response in opposition (Docket Entry No. 180), the Court has, by a separately and contemporaneously entered order, rejected Plaintiff's untimeliness argument and found Defendants' motion to be timely filed. Accordingly, and for the reasons set out in that order, this argument against the motion to dismiss is moot.

B. Other preliminary objections made by Plaintiff to the Motion to Dismiss

Plaintiff takes issue with the fact that Defendants are represented by Jeffrey Thompson, their counsel of record in this case. Plaintiff contends that Local Rule 83.01 is not being followed because it appears that Defendants (1) are also being represented by another attorney, Matt Cloutier or (2) are acting on their own behalf. *See* Plaintiff's Response at 6-7, ¶ 9. There is no merit in either

5

contention. It is clear from the record in this case that Defendants are being represented only by Mr. Thompson and Nathaniel Strand, the attorneys who entered an appearance of record on their behalf.

Plaintiff also contends that Defendants failed to file a business disclosure, as provided for in Local Rule 7.02. *Id* at 7, ¶ 11. There is no merit in this contention. The individual Defendants are not non-governmental business entities and, thus, Local Rule 7.02 does not apply to them in this case.

Plaintiff finally objects to several statements and assertions made in the motion to dismiss, contending that such statements are either: (1) false and misleading; (2) misrepresentations of the allegations in her complaint; (3) unsupported hearsay; or, (4) allegations made by Defendants' counsel, who is not a witness to any of the relevant events. *Id*. at 1-6. While Plaintiff's objections do not require any substantive ruling, her objections have been taken into consideration in review of the motion. Further, the Court notes that, within the stance of review of Defendants' Rule 12(b)(6) motion, the well pleaded factual allegations of Plaintiff's complaint are viewed as true for the purposes of deciding the motion.

C. Service of Process

Defendants argue that Plaintiff "has not carried her burden to show that process has been effected." *See* Memorandum in Support at 5. Plaintiff responds to this argument with a preliminary showing that process had been served upon Defendants. Defendants' reply does not address the matter.

Rules 12(b)(4) and (5) specifically provide for the defenses of insufficient process and insufficient service of process. However, Defendants do not specifically raise these defenses in their motion. Although Defendants, in their motion to extend, expound upon their contention that they were not properly served with process and, although the Court found sufficient merit in their motion to extend to grant the motion and deem the instant motion to dismiss to be timely filed, Defendants

have, nonetheless, failed to present a fleshed out argument that supports dismissal of this lawsuit based upon a lack of proper service of process. Accordingly, the Court deems this argument to be practically withdrawn by Defendants.[4]

D. Statute of Limitations Defense

Defendants' statute of limitations defense has merit and requires that the claims against them be dismissed. By any fair reading of Plaintiff's allegations, the most recent events at issue in which Defendant Tatum was involved occurred on or about June 4, 2012, *see* Complaint at 23, ¶ 124, and the most recent events at issue in which Defendant Gwin was involved occurred on or about August 20, 2012. *Id*. at 24, ¶¶ 133-136. Plaintiff does not set forth any more recent events upon which her claims against Defendants are based. However, Plaintiff did not file her lawsuit until August 29, 2018, more than six years after the events at issue.

The pertinent question is whether Plaintiff has brought her lawsuit against Defendants within the time period provided by the applicable statutes of limitations for her claims. As stated by the United States Supreme Court:

> Statutes of limitations, which "are found and approved in all systems of enlightened jurisprudence," *Wood v. Carpenter*, 101 U.S. 135, 139, 25 L.Ed. 807 (1879), represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that "the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Railroad Telegraphers v. Railway Express Agency*, 321 U.S. 342, 349, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944).

*United States v. Kubrick*, 444 U.S. 111, 117 (1979).

In her complaint, Plaintiff does not set out specifically identified legal claims against Defendants. *See* Complaint at 53-55, Eighteenth and Nineteenth Causes of Action. Thus, the Court must attempt to determine what claims are actually raised by Plaintiff in this lawsuit and whether those claims have been timely brought.

---

[4] Defendants explain in their motion to extend that they did not want to engage in protracted litigation on the issue of proper service or process in light of their other arguments for dismissal. *See* Motion (Docket Entry No. 173) at 4-5.

Plaintiff primarily alleges that Defendants' conduct violated the rights secured to her by the United States Constitution. *Id*. Such an allegation is for all purposes a claim under 42 U.S.C. § 1983, which provides a plaintiff with a cause of action against anyone who has, under color of state law, deprived another of a right, privilege, or immunity secured by the Constitution and the laws of the United States. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979). It is well settled that the one-year statute of limitations set out in Tenn. Code. Ann. § 28-3-104(a) applies to claims brought under 42 U.S.C. § 1983 that arose in Tennessee. *See Hughes v. Vanderbilt Univ.,* 215 F.3d 543, 547 (6th Cir. 2000); *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). Accordingly, Plaintiff's claims seeking vindication of alleged violations of her federal constitutional rights by Defendants must have been brought within one year of when the claims accrued. *See Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Merriweather*, *supra*.

Plaintiff also appears to assert some type of common-law claims under Tennessee law against Defendants for "breach of fiduciary duty" and conduct that is "intentional, malicious, wreckless (sic), shocks the conscience," s*ee* Complaint at 54-55, and for fraud. *See* Response at 7, ¶ 10(c). Assuming that such claims exist under Tennessee law against Defendants based upon the facts alleged in this case, Tenn. Code. Ann. § 48-18-601 provides for a one-year statute of limitations for breach of fiduciary duty claims, and the one-year statute of limitations in Tenn. Code Ann. § 28-3-104(a) applies to claims of personal torts such as those alleged. *See Harvey v. Martin*, 714 F.2d 650, 652 (6th Cir. 1983). Generally, common law claims for fraud are subject to a three-year statute of limitations. *Green v. Green*, 2015 WL 1206690 at *6 (E.D.Tenn. Mar. 16, 2015); *American Fidelity Fire Ins. Co. v. Tucker*, 671 S.W.2d 837, 841 (Tenn.App. 1983). To the extent that Plaintiff asserts claims against Defendants for violations of the Tennessee Constitution, Tennessee Courts have found that no private cause of action exists to pursue such claims. *See Odom v. Claiborne Cty., Tennessee*, 498 S.W.3d 882, 889 (Tenn. Ct. App. 2016).

Plaintiff's claims accrued and the statute of limitations period began to run when she knew or had reason to know of the injuries which are the basis of her action. *Roberson*, *supra*; *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Wyatt v. A–Best, Co.*, 910 S.W.2d 851, 854 (Tenn. 1995). Even a generous reading of Plaintiff's complaint shows that she was clearly aware in 2012 of the conduct of Defendants and the injuries that she contends she suffered because of their conduct. However, her claims against Defendants were brought well beyond the applicable statutes of limitations and are therefore untimely.

None of Plaintiff's arguments against the application of the statute of limitations defense compels a different conclusion. *See* Plaintiff's Response at 7 at ¶ 10. Plaintiff's contention that Defendants "acted in concert with each other and with other defendants named in [the] complaint" to keep her from filing her lawsuit is conclusory. Nothing alleged by Plaintiff supports a viable contention that Defendants took any steps to fraudulently conceal her claims or to prevent her from timely pursuing the legal claims she now brings. Further, Plaintiff's own contentions do not explain why over six years went by before she filed her lawsuit or why such a delay should be excused. Plaintiff also asserts that the rights at issue are "inalienable not civil rights." *Id.* Whatever distinction Plaintiff believes exists between those terms, she has not shown any legal support for a theory that she has a legal claim available to her against Defendants that is not subject to any statute of limitations whatsoever.[5] Plaintiff further argues that "there is no statute of limitation for fraud." *Id.* As stated *supra*, this is simply incorrect.

Finally, Plaintiff's assertion that her injuries and the damages caused by Defendants are "continuous and ongoing," *id.* at 7, ¶ 13, is simply not a basis that would toll or otherwise nullify application of the statute of limitations. Plaintiff's claims against Defendants are based upon discrete acts that occurred in 2012 and are not based upon ongoing events that would constitute a continuous

---

[5] On this issue, the Court notes that the Tennessee Supreme Court, in interpreting Tenn. Code Ann. § 28-304 [the predecessor statute to Tenn. Code. Ann. § 28-3-104(a)], found that the one-year statute of limitations applied to "actions brought for injuries resulting from invasions of rights that inhere in man as a rational being, that is, rights to which one is entitled by reason of being a person in the eyes of the law." *Brown v. Dunstan*, 409 S.W.2d 365, 367 (Tenn. 1966)

violation. Thus, the "continuous violation" doctrine, which applies primarily in employment discrimination cases, does not apply in Plaintiff's situation. *Goldsmith v. Sharrett*, 614 Fed.App'x 824, 827-28 (6th Cir. 2015); *Hensley v. City of Columbus*, 557 F.3d 693, 697 (6th Cir. 2009).

E. Judicial Immunity

Even if Plaintiff's claims against Defendants did not suffer from a fatal statute of limitations issue, her claims would be subject to dismissal because of absolute judicial immunity.

Judicial officers are absolutely immune from civil suits brought against them based upon their judicial actions. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000). The protection provided by absolute judicial immunity is an immunity from suit, not merely the assessment of damages, and is not overcome by allegations of bad faith or malice on the part of the defendant. *Forrester v. White*, 484 U.S. 219, 227 (1988); *Mireles*, 502 U.S. at 11; *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004). Absolute immunity is overcome only if 1) the actions at issue were not taken in the judge's judicial capacity and are, thus, not judicial in nature, or 2) the actions at issue were taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12.

Plaintiff's arguments against the application of judicial immunity are wholly unpersuasive and unsupported by sound legal authority. Plaintiff contends that Defendants are not judicial officers under the Tennessee Constitution because they have not executed the required oath of office, as she contends is evidenced by the lack of notice of such an oath on the Tennessee Secretary of State's website. *See* Response at 2-3. Without commenting on whether the mere lack of notice of an oath on the Secretary of State's website is actually evidence that an oath has not been executed, the Court notes that Plaintiff has offered no case law supporting her position, and the Court finds persuasive the case law that supports a position that is contrary to the position advanced by Plaintiff. *See Jurich v. Campbell*, 2014 WL 109489 at *2 (E.D.Mich. Jan. 13, 2014); *Thompson v. Marietti*, 2013 WL 3818887 at *2 (W.D.Mich. July 23, 2013), aff'd (May 15, 2014). *See also Bollin v. State*, 486

10

S.W.2d 293, 295 (noting that the Tennessee Supreme Court in *Sanders v. Metcalf*, 1 Tenn. Ch. 419 (1873) "held that the provision for a special judge taking an oath is merely directory and, as far as the validity of his orders, he could act without taking the oath at all.").[6]

Plaintiff further contends that Defendants are not entitled to judicial immunity because she has alleged that they are each a "a contractor, acting as an administrative hearing officer" of DCS. *See* Response at 4-6, ¶¶ 5-7; Complaint at 7, ¶¶ 11 and 12. Although the Court must take Plaintiff's factual allegations as true in reviewing the motion to dismiss, the Court is not required to accept legal or factual conclusions and is not required to suspend the obvious reality of Defendants' roles as judicial officers, regardless of the nomenclature Plaintiff uses to describe Defendants. Additionally, Plaintiff fails to show that any of the actions about which she complains were not judicial in nature. Indeed, the actions about which she complains are the type of routine functions performed by judges. Thus, even if as a factual matter Defendants can accurately be deemed to have acted in an administrative hearing type of role, quasi-judicial immunity would nonetheless still apply. *See Creusere v. Weaver*, 2009 WL 170667 at *6 (6th Cir. Jan. 26, 2009); *Dixon v.. Clem*, 492 F.3d 665, 674-75 (6th Cir. 2007). In the end, Plaintiff's dissatisfaction with the manner in which the proceedings were conducted simply does not negate the shield of judicial immunity that entitles Defendants to dismissal of her claims against them.[7]

**RECOMMENDATION**

Based on the foregoing, the undersigned respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 17) of Defendants Charles Barry Tatum and John Gwin be GRANTED

---

[6] Plaintiff further points to Schedule 3 of the Tennessee Constitution in support of her contention that lack of an oath would render Defendants not to be judicial officers. *See* Response at 3, ¶ 2 (c). This argument is meritless. Schedule 3 clearly applied only to those in office at the time the Tennessee Constitution was ratified.

[7] Tennessee provides for judicial immunity under state law that mirrors the immunity provided under federal law. *See Harris v. Witt*, 552 S.W.2d 85 (Tenn. 1977); *Heath v. Cornelius*, 511 S.W.2d 683 (Tenn.1974).

and that Defendants Charles Barry Tatum and John Gwin be DISMISSED from this lawsuit WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

                                              Respectfully submitted,

                                              BARBARA D. HOLMES
                                              United States Magistrate Judge