IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| HOLLIE ANNETTE, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:18-cv-1299 |
| | ) | JUDGE RICHARDSON |
| v. | ) | |
| | ) | |
| WILLIAM EDWARD HASLAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND MEMORANDUM OPINION

Pending before the Court are five Motions for Review (Doc. Nos. 158, 169, 174, 186, 189) of the Magistrate Judge's Orders. Also pending before the Court is a Report and Recommendation of the Magistrate Judge (Doc. No. 185), to which Plaintiff has filed Objections (Doc. No. 190), to which Defendants Tatum and Gwin have in turn filed a response (Doc. No. 195).

## BACKGROUND

Plaintiff filed this action pro se in the U.S. District Court for the District of Columbia, and that court transferred it here (Doc. No. 1).[1] Plaintiff alleges claims against 23 named and two "John Doe" Defendants. Her Complaint alleges the "theft and holding hostage" of her sons and daughter and "ongoing and continuing malicious prosecution" against her. Defendants are the State of Tennessee,[2] the City of Lebanon, the City of Franklin, the City of Dickson, Benton County, the

---

[1] In that regard, Plaintiff should note that the caption of this case on documents filed in this Court should no longer indicate the D.C. District Court but, rather, should reflect that the matter is before the United States District Court for the Middle District of Tennessee.

[2] Plaintiff argues that the State of Tennessee is a privately held corporation. It is not. The State of Tennessee is a governmental entity, admitted to the Union as the 16th state on June 1, 1796.

Tennessee Department of Children's Services ("DCS"), and various state and local officials. Plaintiff seeks recompense for wrongdoings she alleges she and her children have suffered at the hands of Defendants and asks for declaratory judgment, injunctive relief, and damages for alleged violations of state and federal constitutional rights and malicious prosecution.

## MOTIONS FOR REVIEW

Pursuant to Fed. R. Civ. P. 72(a), the Court may modify or set aside any part of a Magistrate Judge's Order that is clearly erroneous or is contrary to law. The "clearly erroneous" standard applies only to factual findings, while legal conclusions are reviewed under the "contrary to law" standard. *Norfolk Cty Retirement Sys. v. Community Health Sys., Inc.,* No. 3:11-cv-00433, 2019 WL 3003647, at * 1 (M.D. Tenn. Apr. 19, 2019); *Equal Emp't Opportunity Comm'n v. Burlington Northern & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009). This standard is deferential, and mere disagreement with the Magistrate Judge and/or an assertion that the Magistrate Judge should have ruled differently does not rise to a clear error of fact or a decision contrary to law. *See Shabazz v. Schofield*, No. 3:13-CV-00091, 2014 WL 6605504, at *1 (M.D. Tenn. Nov. 19, 2014) ("The Court is not empowered to reverse the magistrate judge's finding simply because this Court would have decided the issue differently.").

## ANALYSIS

Docket No. 163

Plaintiff asks the Court to review the Order of the Magistrate Judge dated June 28, 2019 (Doc. No. 161). That Order denied Plaintiff's Notice (Doc. No. 130), which was construed as a motion for recusal of Magistrate Judge Holmes. Under 28 U.S.C. § 144, whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any

adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. Plaintiff did not file such an affidavit.

Under 28 U.S.C. § 455, a judge shall disqualify herself in any proceeding in which her impartiality might reasonably be questioned or in five other specific situations.[3] The Magistrate Judge's service with or appearances before the juvenile court and her involvement on a Tennessee Bar Commission, matters asserted by Plaintiff as grounds for disqualification, were years ago. The Magistrate Judge refuted Plaintiff's suggestion that she (Judge Holmes) has worked with one or more of the Defendants or has been paid monetary compensation by one or more of the Defendants, and the Court sees no basis to credit Plaintiff's suggestion. Plaintiff has offered nothing more than conclusory allegations and suppositions to argue that the Magistrate Judge is biased or has a conflict of interest. Plaintiff has not presented a sufficient affidavit or other factual basis for concluding that the impartiality of the Magistrate Judge might reasonably be questioned.

Upon consideration of Plaintiff's Motion for Review (Doc. No. 163), the Court finds that the Order of the Magistrate Judge (Doc. No. 161) is neither clearly erroneous nor contrary to law and that Order is affirmed.

---

[3] Those additional situations are: (1) where the judge has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding; (2) where the judge, in private practice, had some involvement with the matter or worked with another lawyer who had such involvement; (3) where the judge served in governmental employment as counsel, adviser, or a material witness concerning the proceeding; (4) where the judge knows that she or her family has a financial interest in the subject matter of the proceeding; or (5) where the judge or a member of her family is a party (including officer, director or trustee of a party), a lawyer, has an interest that is likely to be affected by, or is likely to be a material witness to the proceeding. 28 U.S.C. § 455(b).

Docket No. 164

Plaintiff also asks the Court to review the Magistrate Judge's Order of June 28, 2019 (Doc. No. 158), in which she granted the State Defendants' motion to amend their motion to dismiss and denied Plaintiff's motion to strike the State Defendants' defenses. The Magistrate Judge held that Rule 12(f) permits a court to strike only material that is contained in *pleadings*, and the motion to dismiss is not a pleading. (Doc. No. 158 at 1).[4] Plaintiff argues that the motion to dismiss *is* a "pleading" because it includes affirmative defenses. Plaintiff's argument has no merit.

Fed. R. Civ. P. 7(a) sets forth the specific "pleadings" that are allowed, and a motion to dismiss is not listed. Plaintiff has not pointed to any rule that prohibits parties from asserting affirmative defenses in a motion to dismiss. Indeed, Fed. R. Civ. P. 12(b) provides that a motion asserting affirmative defenses must be made before pleading if a responsive pleading is allowed, and no defense is waived by joining it with one or more other defenses in a responsive pleading or motion. In short, a motion to dismiss is distinguishable from a pleading and is not converted into a pleading by including affirmative defenses.

Plaintiff claims that the State Defendants' Motion to Dismiss is untimely because it was not filed within 21 days after service of process. That argument is rejected because, as discussed below in connection with Plaintiff's Motion for Review found at Doc. No. 186, the Magistrate Judge properly extended the 21-day deadline. Finally, arguing the validity of her claims, Plaintiff contends that the Defendants' motion to dismiss has no merit. The proper place for such assertions is in response to the motion to dismiss or a Report and Recommendation recommending the granting of the Motion to Dismiss, not on a Motion for Review.

---

[4] In her Order (Doc. No. 158), the Magistrate Judge also granted Plaintiff's motion for extension of time (Doc. No. 136), but Plaintiff does not seek review of that ruling.

Upon consideration of Plaintiff's Motion for Review (Doc. No. 164), the Court finds that the Magistrate Judge's Order (Doc. No. 158) is neither clearly erroneous nor contrary to law and that Order is affirmed.

Docket No. 166

Plaintiff asks the Court to review the Magistrate Judge's Order of July 1, 2019 (Doc. No. 162), in which she denied Plaintiff's motion to disqualify Tennessee Assistant Attorney General Matt D. Cloutier and the Tennessee Attorney General's Office (together "Attorney General") from representing several Defendants in this case. Plaintiff argues that the Attorney General is not authorized to represent "private corporations such as Children's Services and private individuals."

DCS is not a private corporation. It is a state agency. Tenn. Code Ann. §§ 37-5-101 & 102. Moreover, Tennessee law provides that the Attorney General is charged with the duty of the "trial and direction of all civil litigated matters and administrative proceedings in which the state or any officer, department, agency, board, commission or instrumentality of the state may be interested." Tenn. Code Ann. § 8-6-109(b)(1). As Plaintiff herself notes (Doc. No. 166-1 at 2), the Attorney General shall represent all offices, departments, agencies, boards, commissions or instrumentalities of the state. Tenn. Code Ann. § 8-6-301(a).

In addition, when a civil action for damages is brought against a state employee for any acts or omissions of the state employee within the scope of that employee's employment (except for willful, malicious, or criminal acts or acts done for personal gain[5]), the Attorney General has the discretion to provide representation to the employee. Tenn. Code Ann. § 8-42-103(a).

---

[5] Although Plaintiff alleges acts by state employee Defendants that might fall within this exception, these allegations have not been substantiated so as to trigger the exception.

Plaintiff's argument that the Attorney General has no authority to represent the Department of Children's Services or individual state employees is entirely without merit.

Plaintiff also contends that the Attorney General has failed to perform his duty by allowing non-attorneys, Defendants Bradley and Reed, to file petitions as authorized representatives of DCS. Plaintiff argues that the Attorney General has thus "aided and defended the unauthorized practice of law." In objecting to the Magistrate Judge's Order, Plaintiff cites no authority or factual basis for this assertion, but the Court notes that DCS is permitted to file a petition in state court to terminate parental rights. Tenn. Code Ann. § 36-1-113(a). In addition, DCS is authorized, among other things, to make investigations and furnish reports to the Juvenile Court. Tenn. Code Ann. § 37-1-128. Plaintiff provides no basis to conclude that Defendants Bradley and Reed cannot carry out these authorized actions of DCS on DCS's behalf or that their so doing constitutes the unauthorized practice of law.

Plaintiff claims that it is a conflict of interest for the Attorney General to represent Defendant Bonnyman herein, because he represented Bonnyman in another case filed by Plaintiff. There is (to say the least) no per se conflict of interest in representing the same party in more than one action, and there is no allegation that Bonnyman's interests in these two cases are in conflict. There conceivably could be a conflict if the Attorney General had somehow represented *Plaintiff* in a prior action, but that is not the situation here.

Next, Plaintiff asserts that Defendants have committed criminal acts against her and that the Attorney General's continued representation of those Defendants, therefore, is not in the best interest of his clients and the State of Tennessee. However, as noted, there has been no determination that the State Defendants have committed criminal acts. Plaintiff has cited no authority to support an allegation that counsel may be disqualified when a plaintiff merely asserts

6

that defense counsel's representation is not in the best interest of the defendants or the State of Tennessee, and the Court knows of no such authority. Finally, Plaintiff argues that the Attorney General has "shown the appearance of professional impropriety" by "setting the stage" (whatever that means) to misrepresent her complaint in his motion to dismiss. There is no reason to disqualify an attorney simply for defending his clients.

Upon consideration of Plaintiff's Motion for Review (Doc. No. 166), the Court finds that the Order of the Magistrate Judge (Doc. No. 162) is neither clearly erroneous nor contrary to law, and that Order is affirmed.

Docket No. 186

Plaintiff challenges the Order of the Magistrate Judge dated July 19, 2019 (Doc. No. 168), in which she ordered Defendants Tatum and Gwin to file an appropriate motion with accompanying memorandum of law seeking appropriate leave under Fed. R. Civ. P. 6(b)(1)(B) to excuse the untimely filing of their motion to dismiss. Plaintiff contends that the Magistrate Judge, inappropriately and showing favoritism, gave Defendants legal advice about how to cure their late filing. Plaintiff claims that, without the Magistrate Judge's "advice," the Court would have had to deny Defendants' motion to dismiss as untimely.

Defendants challenge Plaintiff's objection as untimely, having been filed more than 14 days after service of the subject Order, which was filed on July 19, 2019. Plaintiff has admitted that this untimeliness argument is correct.

In any event, the Court need not rely on the untimeliness of Plaintiff's objections. The Order of the Magistrate Judge is neither clearly erroneous nor contrary to law. The Magistrate Judge *ordered* Defendants to take certain actions before she would allow their Motion to Dismiss to be considered on the merits. Her Order was clearly within the discretion and authority of a

7

Magistrate Judge. Extensions of time may be granted for good cause shown if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

The Magistrate Judge is permitted to effectively order parties to demonstrate (if they can) good cause for a late filing in order to determine whether to allow the filing. As indicated below, having considered these Defendants' demonstrations, the Magistrate Judge found that these Defendants had shown good cause for the untimeliness of their filing. (Doc. No. 184).

Accordingly, upon consideration of Plaintiff's Objection (which the Court has treated as a motion for review), the Order of the Magistrate Judge (Doc. No. 168), being neither clearly erroneous nor contrary to law, is affirmed.

Docket No. 189

In this Motion for Review, Plaintiff objects to the Magistrate Judge's Order finding Defendants' Motion to Dismiss to be timely. (Doc. No. 184). The Magistrate Judge granted Defendants' motion to deem timely their motion to dismiss, noting that there was at least a reasonable argument that the Defendants were not properly served and the delay did not involve bad faith, lack of diligence, or an intent on the part of Defendants to hinder or thwart these proceedings. As noted above, extensions of time may be granted for good cause shown if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

Plaintiff argues that service was properly completed and Defendants, therefore, waived the right to defend against her untimeliness claim. She asserts that Defendants have not shown excusable neglect and that Defendants failed to give her notice that they were claiming improper service. The Magistrate Judge found at least an issue about service of process, making Defendants'

delay reasonable.[6] Plaintiff's arguments are not persuasive. As explained above, the Court's standard of review on a Motion for Review is deferential, and even an assertion that the Magistrate Judge could or even arguably should have ruled differently does not suggest a clear error of fact or a decision contrary to law. The Magistrate Judge's determination of excusable neglect will not be disturbed.

Upon consideration of Plaintiff's Motion for Review (Doc. No. 189), the Court finds that the Order of the Magistrate Judge (Doc. No. 184) is neither clearly erroneous nor contrary to law and therefore the Magistrate Judge's Order is affirmed.

## **REPORT AND RECOMMENDATION**

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id*. Such objections must state with particularity the specific portions of the Magistrate Judge's report or recommendations to which an objection is made. Local Rule 72.02(a).

---

[6] Plaintiff argues that Defendants have failed to show that their failure to file a timely motion was due to circumstances beyond their control. Excusable neglect under Rule 6 is not limited strictly to omissions caused by circumstances beyond the control of the movant. *Matter of Smithland Towing & Constr., LLC*, Civil Action No. 5:18-cv-113, 2019 WL 2517583, at * 1 (W.D. Ky. June 17, 2019). Excusable neglect under Rule 6(b) is a somewhat elastic concept. *Id*. (citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 392 (1993)). But the very term—obviously suggesting neglect (albeit neglect that is excusable)—indicates that it refers to a situation where the party was in some sense at fault, rather than absolved of all fault because it fell prey to circumstances beyond its control.

The Report and Recommendation at issue (Doc. No. 185) considers Defendants Tatum and Gwin's Motion to Dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) and referenced above. The Magistrate Judge recommends that that Motion to Dismiss (Doc. No. 17) be granted. Most of Plaintiff's objections[7] are not objections to the specific recommendation that the claims against these two Defendants be dismissed. Rather, Plaintiff mostly objects to things like the Magistrate Judge's choice of words and characterizations and names of the parties.

For example, Plaintiff states, "I object to filing this lawsuit pro se because there are more than one definitions to pro se in the black's law dictionary" and "I object to 'she paid the filing fee' on page 1 of document 185 because I did not pay the filing fee my mother did."[8] (Doc. No. 190). Neither of these objections has anything to do with the substantive findings of the Report and Recommendation.

Plaintiff objects to the Magistrate Judge calling "defendant Children's Service" the "Tennessee Department of Children's Services," arguing the two are not one and the same. The Tennessee Department of Children's Services is the name of the state agency against which Plaintiff has asserted her allegations, and she has provided no authority suggesting otherwise. *See* Tenn. Code Ann. § 57-5-101. Plaintiff objects to calling Defendant William Edward Haslam the former Tennessee Governor, arguing he was Governor of the State of Tennessee. This protestation is ridiculous. Similarly, Plaintiff objects to calling the Defendant cities and counties by their proper names, asserting that they are privately held parent companies and should be addressed as "Benton, County of," "Lebanon, City of," etc. This objection is absurd. Presumably, Plaintiff filed this suit

---

[7] Plaintiff first objects for the reasons stated in her Motions for Review, which have been ruled on above, and the Court will not address again here.

[8] Plaintiff also objects to having to pay a filing fee at all, but that issue is not before the Court at this time.

because she seeks what she considers substantive justice. She therefore should not seek to, and will not, distract the Court from its review of substantive issues with these semantic games.

Plaintiff objects to the Magistrate Judge's characterizations and summary of facts from the Complaint. The Magistrate Judge obviously did not quote the Complaint verbatim but rather paraphrased it in pertinent part. To the extent her summary is inconsistent with the substantive allegations of the Complaint, which the Court does not find, the language of the Complaint controls. The Magistrate Judge has not substantially misrepresented Plaintiff's allegations. Plaintiff makes other arguments that have nothing to do with Defendants Tatum and Gwin or the substantive recommendations of the Magistrate Judge and are, therefore, irrelevant to this Order.

Plaintiff states that she has never alleged any violation of or claimed constitutional rights. Rather, she urges, she has alleged that Defendants have violated certain provisions of the United States and Tennessee Constitutions. The Court cannot see the difference. Plaintiff also contends that the substance, as described by the Magistrate Judge, of the Motion to Dismiss is hearsay and not admissible. This argument has no merit. The allegations and arguments of a motion to dismiss are simply that, allegations and arguments; evidentiary concepts such as hearsay and admissibility are inapplicable to arguments in a brief.

Plaintiff objects to the standard of review followed by the Magistrate Judge. That standard is the law concerning motions to dismiss brought under Rule 12(b)(6), and both the Magistrate Judge and the undersigned must follow it.[9]

---

[9] For purposes of a motion to dismiss, the Court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should

11

Plaintiff argues that there has been no testimony that the acts of these two Defendants are limited to June 4, 2012 and August 20, 2012. The Report and Recommendation is based upon the allegations of Plaintiff's Complaint, not testimony. A motion to dismiss requires a review of the complaint to see whether it states claims for which relief may be granted; whether—and if so, what—testimony has been adduced has nothing to do with it.

Plaintiff objects to the Magistrate Judge's findings concerning the statutes of limitations and argues that the statutes of limitations have not yet begun to run. A statute of limitations begins to run when a plaintiff knows or has reason to know of the injury which is the basis of his action. *Am. Premier Underwriters, Inc. v. Nat'l R.R. Passenger Corp.*, 839 F.3d 458, 461 (6th Cir. 2016).

The statute of limitations for Section 1983 constitutional claims is the state statute of limitations applicable to personal injury actions under the law of the state in which the alleged Section 1983 claim arises. *Haley v. Clarksville-Montgomery Cty. School Syst.*, 353 F. Supp. 3d 724, 730 (M.D. Tenn. 2018). In Tennessee, that statute prescribes a limitations period of one year. Tenn. Code Ann. § 28-3-104(a)(3). Thus, to the extent Plaintiff claims the alleged actions by Tatum and Gwin were violations of the U.S. Constitution,[10] the time for filing a claim based upon

---

assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id*.; *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), *cited in Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018). Moreover, factual allegations that are merely *consistent* with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish *plausibility* of entitlement to relief even if it supports the *possibility* of relief. *Iqbal*, 556 U.S. at 678.

[10] Plaintiff also alleges, in her Objections, that the Magistrate's assumption that Plaintiff brought her claims under 42 U.S.C. § 1983 is incorrect. (Doc. No. 190 at 17-18). Plaintiff fails to realize that this assumption inures to her benefit. To the extent Plaintiff attempts to allege violations of the U.S. Constitution, those claims would *have* to be brought pursuant to 42 U.S.C. § 1983. The statutory enactment in Section 1983 is the exclusive remedy for alleged federal constitutional violations. *Wynn v. Morgan*, 861 F. Supp. 622, 630 (E.D. Tenn. 1994); *Roberson v. City of*

those actions is one year from the date when Plaintiff knew or had reason to know of the injury which is the basis of her action. *Am. Premier Underwriters,* 839 F.3d at 461.

As for any breach-of-fiduciary duty claims (pertaining to officers and directors), the statute prescribes a limitations period of one year. Tenn. Code Ann. § 48-18-601. The Court is not aware of a cause of action for breach of fiduciary duty to the public, but assuming such a claim exists, it likely also would have a one-year limitations period, and Plaintiff has not shown otherwise. With regard to Plaintiff's claims against Gwin for alleged unlawful incarceration, false arrest, and malicious prosecution, those personal tort claims fall under the one-year limitations period set forth in Tenn. Code Ann. § 28-3-104(a).[11] The Court will consider the allegations of the Complaint against these two Defendants in relation to the statute of limitations issue.

The Complaint alleges that in *January of 2012*, Defendant Tatum acted as an administrative hearing officer and refused to act as a judge. (*Id*. at ¶ 56). It alleges that on *March 15, 2012*, Tatum issued an administrative order wrongfully "rewarding" [sic] Defendants Robbins and DCS custody of Plaintiff's children. (*Id*. at ¶ 84). The Complaint further alleges that on *June 4, 2012*, Defendant Tatum appointed an attorney for Plaintiff over her objections. (*Id*. at ¶¶ 123-125).

The Complaint also asserts that, on *July 13, 2012*, Defendant Gwin had Plaintiff arrested with no warrant or probable cause and appointed an attorney for her without her knowledge in an administrative hearing. (Doc. No. 1 at ¶¶ 126-131). The Complaint further alleges that on *August*

---

*Goldboro,* 564 F. Supp. 2d 526, 529 (E.D. N.C. 2008) (Section 1983 provides the exclusive federal damages remedy for violation of federally-guaranteed rights when suit is brought against a state actor). Therefore, if, as she claims. Plaintiff is *not* bringing her U.S. constitutional claims pursuant to Section 1983, their dismissal is appropriate for that reason as well.

[11] Although the Report and Recommendation references fraud, the undersigned does not read the Complaint as setting forth a claim for fraud.

13

*20, 2012*, Defendant Gwin again had her arrested with no warrant or probable cause and had an attorney represent her without her knowledge. (*Id*. at ¶¶ 131-136).

In the Eighth Cause of Action, Plaintiff contends that Defendant Tatum colluded with another Defendant on *March 13, 2012*, to have Plaintiff arrested without a warrant and to maliciously prosecute her. (Doc. No. 1 at p. 42). In her Eighteenth Cause of Action, Plaintiff alleges that Defendant Tatum's actions violated the Tennessee[12] and United States Constitutions and breached his fiduciary duty to the public. (*Id.* at p. 54), Further, in her Nineteenth Cause of Action, Plaintiff alleges that Defendant Gwin's actions violated the Tennessee and United States Constitutions; amounted to unlawful incarceration, false arrest, and malicious prosecution; and breached his fiduciary duty to the public. (*Id*. at 54-55).

As to the movants, Tatum and Gwin, the Complaint's allegations based upon these alleged actions or inactions are time-barred. Plaintiff's Complaint, filed *August 29, 2018*, was more than six years after the alleged actions taken by Tatum and Gwin in 2012.

Plaintiff argues that the evidence shows that the actions of these two Defendants were not isolated occurrences but rather were habits or routine practices. Again, the "evidence" is not before the Court on this motion; the Court looks instead to the allegations of the Complaint. When considering a motion to dismiss based on a statute of limitations, the Court must decide whether it is apparent from the face of the complaint that the deadline for bringing the claim has passed. *Vanderbilt Univ. v. Scholastic, Inc.*, 382 F. Supp. 3d 734, 761 (M.D. Tenn. 2019). As explained

---

[12] To the extent Plaintiff claims the actions of Tatum and Gwin were violations of the Tennessee Constitution, those claims must be dismissed because, as the Magistrate Judge found, there is no private right of action under the Tennessee Constitution. *Siler v. Scott,* No. E2017-01112, 2019 WL 2306932, at * 11, n. 2 (Tenn. Ct. App. May 30, 2019); *Irons v. City of Bolivar*, 897 F. Supp. 2d 665, 669 (W.D. Tenn. 2012).

above, the time for filing a claim began to run when Plaintiff knew or had reason to know of the injuries that are the basis of her claims against these two Defendants. *Am. Premier Underwriters,* 839 F.3d at 461.

Plaintiff alleges that Tatum acted as an administrative hearing officer, "reward[ed]" [sic] Robbins and DCS custody of her children, and appointed an attorney for her over her objections, all in 2012. Obviously, her objections were known at the time. Plaintiff also alleges that Gwin had her arrested twice, without probable cause or a warrant, both in 2012. She had to know she had been arrested at that time. Plaintiff also contends that Gwin appointed an attorney to represent her in 2012. Again, she would have known at the hearing if an attorney were representing her. The Court finds that Plaintiff knew or should have known about her alleged claims against Defendants Tatum and Gwin in 2012, outside the limitations periods prescribed by the applicable statutes of limitations.

Plaintiff also contends that her damages are ongoing and continuous and the statutes of limitations therefore have not begun to run. The accrual date for a cause of action does not change, however, as a result of continuing consequential damages. *Kwas v. Intergraph Gov't Solutions*, 15-cv-5897, 2016 WL 11481724, at * 4 (E.D. N.Y. June 23, 2016). Plaintiff asserts in conclusory fashion that Tatum and Gwin failed and continue to fail to prevent the unlawful actions, but there are no factual allegations indicating that Tatum and Gwin have had a part in any alleged misconduct since 2012 or any obligation to take any action since then.

Finally, Plaintiff objects to the Magistrate Judge's alternative recommendation that Plaintiff's claims against Defendants Tatum and Gwin be deemed barred by absolute judicial immunity. The Court takes judicial notice of the fact that (as claimed by Defendants, *see* Doc No. 18 at 1), Tatum and Gwin each was, at all relevant times, both a Wilson County General Sessions

Judge and a Juvenile Court Judge, although Plaintiff claims they were administrative law judges.[13] Judicial officers are absolutely immune from civil suits brought against them based upon their judicial actions. *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) ("State judges enjoy absolute immunity from liability under 42 U.S.C. § 1983."). In their positions as either judges or administrative law judges, they are protected by judicial immunity. *See Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007) and *Bright v. Gallia Cty, Ohio*, 753 F.3d 639, 648-49 (6th Cir. 2014).

Plaintiff argues that the actions by Tatum and Gwin were not judicial actions or taken in a judicial capacity.[14] She argues that these two Defendants acted absent jurisdiction because contested cases such as hers are to be conducted by administrative hearing officers pursuant to the Tennessee Uniform Administrative Procedures Act, not in Juvenile Court. There is no factual or legal support for this assertion. Plaintiff's Complaint and its allegations against these two Defendants pertain to custody and treatment of her children, matters within the jurisdiction of the Wilson County Juvenile Court over which both Gwin and Tatum were judges. *See* Tenn. Code Ann. § 37-1-101, *et seq.*

In short, upon *de novo* review, the undersigned finds the objections to the Report and Recommendation without merit. Defendant Tatum and Gwin's Motion to Dismiss will be granted as (and for the reasons) recommended by the Magistrate Judge.

## **CONCLUSION**

Accordingly, the Orders of the Magistrate Judge (Doc. Nos. 161, 158, 162, 168, 184) are **AFFIRMED**. In addition, Plaintiff's Objections are overruled, and the Report and

---

[13] Plaintiff also refers to Tatum and Gwin as "contractors"—a reference which she does not explain and which makes no sense to the Court.

[14] Judicial immunity exists even where a judge acts corruptly or with malice. *Leech*, 689 F.3d at 542.

Recommendation of the Magistrate Judge is **ADOPTED and APPROVED**. Accordingly, the Motion to Dismiss of Defendants Tatum and Gwin (Doc. No. 17) is **GRANTED**, and Plaintiff's claims against Tatum and Gwin are **DISMISSED**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE