IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| HOLLIE ANNETTE, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:18-cv-1299 |
| | ) | JUDGE RICHARDSON |
| v. | ) | |
| | ) | |
| WILLIAM EDWARD HASLAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND MEMORANDUM OPINION

Pending before the Court is a Report and Recommendation of the Magistrate Judge (Doc. No. 208), to which Plaintiff has filed Objections (Doc. No. 212).

## BACKGROUND

For context, the Court will summarize the facts that are more fully set forth in its prior Order and Memorandum Opinion (Doc. No. 186). Plaintiff filed this action *pro se* in the U.S. District Court for the District of Columbia, which transferred it here (Doc. No. 1). Plaintiff originally alleged claims against 23 named and two "John Doe" Defendants. Her Complaint alleges the "theft and holding hostage" of her sons and daughter and "ongoing and continuing malicious prosecution" against her. Plaintiff seeks recompense for wrongdoings she and her children allegedly have suffered at the hands of Defendants; she asks for declaratory judgment, injunctive relief, and money damages for alleged violations of state and federal constitutional rights and malicious prosecution. Two Defendants have been dismissed by the Court (Doc. No. 186), and 16 Defendants have filed Motions to Dismiss that are addressed by the pending Report and Recommendation.

# REPORT AND RECOMMENDATION

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id*. Any objections must state with particularity the specific portions of the Magistrate Judge's report or recommendations to which an objection is made. Local Rule 72.02(a).

The Report and Recommendation at issue (Doc. No. 208) considers Motions to Dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) by Defendants and three motions filed by Plaintiff: Motion for Declaratory Judgment and Injunctive Relief (Doc. No. 123); Request for Extraordinary Relief (Doc. No. 197); and Motion for Extension of Time (which includes a request for a temporary restraining order) (Doc. No. 204). The Magistrate Judge recommends that Defendants' Motions to Dismiss (Doc. Nos. 84, 86, 88, 97, and 159) be granted and that Plaintiff's three motions (Doc. Nos. 123, 197, and 204) be denied.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* Plaintiff's Objections and the portions of the Report and Recommendation to which Plaintiff's objections are made. For the reasons stated herein, the Objections of the Plaintiff are overruled, and the Report and Recommendation is adopted and approved.

# PLAINTIFF'S OBJECTIONS

1. Plaintiff objects to the Magistrate Judge's statement that Plaintiff asserts that she receives her mail in Erin, North Carolina (Doc. No. 208 at 2). Plaintiff's objection is well-taken,

as the Complaint states that she receives her mail in Creston, North Carolina. (Doc. No. 1 at ¶ 3). Nothing about this "error" affects the results in the Report and Recommendation, however.

2. Plaintiff objects to the Court's alleged misrepresentations of who the Defendants are. Plaintiff claims the Defendants are private, for-profit corporations. They are not. The documents Plaintiff cites for this allegation (Doc. Nos. 100, 102 and 103) do not prove otherwise. The Defendants in this action are individuals and governmental entities. This objection is over-ruled.

3. Plaintiff objects to the Magistrate Judge's indication that Plaintiff lost custody of her children in December 2011. (Doc. No. 212 at 2). Plaintiff's Complaint alleges that, on December 9, 2011, Defendant Bradley "stole" Plaintiff's son, daughter and niece from her. (Doc. No. 1 at ¶ 37). In paragraph 84 of the Complaint, Plaintiff alleges that, on March 15, 2012, the juvenile court judge "rewarded" (sic) custody of her son and daughter to Jason Scott Robbins and the Tennessee Department of Children's Services. (*Id*. at ¶ 84). Plaintiff also alleges that on September 3, 2014, Defendant Reed stole her 18-month-old son from Camden General Hospital. (*Id.* at ¶ 156). Plaintiff contends that Defendants Reed, Brenda Pierce and Lester Pierce acted in concert to steal her son and hold him from her. (*Id*. at ¶ 172). Plaintiff herself has indicated that these are her children, and this lawsuit is largely based upon the alleged taking of Plaintiff's children by Defendants. This objection is over-ruled.

4. Plaintiff objects to the statement in the Report and Recommendation that Defendants Tatum and Gwin were dismissed from this action with prejudice. (Doc. No. 212 at 2). Tatum and Gwin *were* dismissed from this action with prejudice. (Doc. No. 196 at 17). The Federal Rules of Civil Procedure provide that a dismissal that is not granted under Rule 41 (except for lack of jurisdiction, improper venue, or failure to join a party under Rule 19) operates as an adjudication on the merits. Fed. R. Civ. P. 41(b). The dismissal of Defendants Tatum and Gwin was not based

upon Rule 41; rather, it was based upon Fed. R. Civ. P. 12(b)(6), for failure to state a claim for which relief may be granted. Therefore, it did operate as an adjudication on the merits and was with prejudice. This objection is over-ruled.

5. Plaintiff objects to the Magistrate Judge's assertion that Plaintiff sought to amend her Complaint to identify John Doe Defendants. (Doc. No. 212 at 2). Yet, Plaintiff's Motion for Extension of Time (Doc. No. 204) specifically seeks additional time "to file a motion to supplement my complaint, amend my complaint, *and substitute my John Doe defendants.*" (Doc. No. 204 at 4-5) (emphasis added). Nothing about this objection would change the results recommended by the Magistrate Judge or adopted by this Court, even if it were well-taken, but in any event, this objection is also over-ruled.

6. Plaintiff contends that the Report and Recommendation misrepresents the spirit of her complaint. (Doc. No. 212 at 2). Plaintiff's assertion that her complaint is not based on child custody or the legality of any child custody decision is contradicted by her own allegations. The Complaint is full of allegations about the removal of her children from her custody and claims connected therewith. As the Magistrate Judge pointed out, in addition to seeking money damages, Plaintiff specifically requests in her Complaint (Doc. No. 1 at pp. 63-67) that the Court immediately order the return of her children to her custody and enjoin the State of Tennessee and others from taking further actions against her related to the custody of her children. (*See* Doc. No. 208 at 11). This objection is over-ruled.

7. Plaintiff's seventh objection is like her sixth objection, and she alleges that the actions by Defendants have absolutely nothing to do with a child custody proceeding. This objection is over-ruled for the reasons stated in response to Objection 6, above.

8. Plaintiff objects to the Magistrate Judge's statement that there appears to be a state proceeding ongoing in this matter. (Doc. No. 212 at 3). Plaintiff has alleged facts about numerous state proceedings, actions and court appearances. The Report and Recommendation admits that the record is not entirely clear as to whether there is an *ongoing* state court proceeding. (Doc. No. 208 at 12). Thus, the Magistrate Judge stated only that "to the extent that there are on-going proceedings," the doctrine of abstention pursuant to *Younger v. Harris,* 401 U.S. 37 (1981) would apply. Therefore, this statement was patently conditional: only if there *are* ongoing state court proceedings would this Court have to abstain. If there are no ongoing state court proceedings, as Plaintiff contends, the abstention discussion is moot. Giving Plaintiff the benefit of the doubt (as to whether any state proceedings are ongoing), therefore deeming abstention inapplicable, would change nothing about the ultimate result in this case in any event. The pending Motions to Dismiss should be granted for several and alternative other reasons as well, as set forth in the Report and Recommendation. Plaintiff's objection is over-ruled.

9. Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff has had an adequate opportunity in the state proceedings to raise any constitutional challenges she has regarding the child custody issues. (Doc. No. 212 at 3). The Magistrate Judge stated this conclusion in explaining the *Younger* abstention doctrine, upon which the Court need not rely to find that Plaintiff's claims should be dismissed. And, in any event, Plaintiff cannot deny that she has been involved in state court litigation since 2011. Her Complaint sets forth many actions by law enforcement individuals, courts, and state agencies related to the custody and care of her children and alleged wrongful actions against her. Although she alleges that no one would listen to her, Plaintiff has not alleged that she tried to raise, but was specifically prevented from raising, constitutional arguments. The

fact that she does not like the results of the state court proceedings or Defendants' actions does not mean she could not have raised constitutional issues in state court. This objection is over-ruled.

10. Plaintiff states (in her next objection, which is incorrectly numbered "11" instead of "10") that she should be able to amend her complaint. It is not clear to the Court that Plaintiff has filed a Motion to Amend her Complaint. Her "Notice of Tampering with a Witness and Request for an Extension of Time" (Doc. No. 204) primarily dealt with Plaintiff's request for additional time to file a Notice of Appeal. Within this document, she did ask the Court to allow her an additional 60 days to amend her complaint (p. 4), but given the recommendation of the Magistrate Judge and for the reasons stated below, any such amendment would be futile.

The Magistrate Judge recommends (and the Court agrees) that Plaintiff's Complaint should be dismissed for several reasons. First, much of what Plaintiff has alleged falls within the domestic relations exception to this Court's jurisdiction. *See* Doc. No. 208 at 10. In addition, Plaintiff's claims against the State of Tennessee and its agencies are barred by the Eleventh Amendment. (*Id.* at 13-14). Plaintiff's claims against Defendants Whitworth, Beal, and Bonnyman are barred by these judges' absolute judicial immunity. (*Id.* at 14-16). As explained by the Magistrate Judge, the applicable statute of limitations bars Plaintiff's claims against all Defendants except Defendant Bonnyman (who has absolute judicial immunity). (*Id.* at 16-20).

Moreover, Plaintiff cannot bring *respondeat superior*-based claims against the municipal Defendants, because they are not cognizable under the only authority that could support a claim against municipal defendants, namely, 42 U.S.C. § 1983. Nor has she adequately alleged actual wrongdoing by the municipalities themselves, rather than by the individual Defendants; thus, a claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) has not been stated either. Also, she has made only conclusory allegations, which are insufficient to state claims for relief against

the municipal Defendants. These grounds require dismissal of Plaintiff's claims, and any attempt to amend her Complaint would be futile.[1]

11 and 12. Plaintiff's last two objections are not addressed to any particular part of the Report and Recommendation. Rather, Plaintiff reargues matters previously raised and adds conjectures and criticisms of the Magistrate Judge's motives. To the extent these arguments are objections, they are over-ruled.

## CONCLUSION

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED and APPROVED**. Accordingly, the Motions to Dismiss (Doc. Nos. 84, 86, 88, 97 and 159) are **GRANTED**, and all claims against Defendants City of Dickson, Scott Hull, City of Franklin, Becky Johnson, City of Lebanon, Nathan Beatty, Benton County, John Whitworth, State of Tennessee, Tennessee Department of Children's Services, William Edward Haslam, Jane Bradley, Robbie Beal, Heather Jeffries, Tonya Lyles Reed, and Claudia Bonnyman are **DISMISSED WITH PREJUDICE.**

In addition, as explained in the Report and Recommendation, Plaintiff has failed to serve process on six Defendants—McAdams, Judy Robbins Scott, Brenda Pierce, Lester Pierce, and the two John Doe Defendants. It is clear that the Complaint's allegations against these Defendants arise from the same facts as and would suffer the same fate as those dismissed above, particularly on the basis of the statute of limitations.[2] Plaintiff has not objected to this portion of the Report

---

[1] Plaintiff has not argued what amendments she believes would revive her claims. In fact, she has not alleged any specific amendments she seeks other than to identify the John Doe Defendants.

[2] As explained by the Magistrate Judge, the Court may raise a statute of limitations defense *sua sponte* in circumstances where it clearly applies. *See* Report and Recommendation (Doc. No. 208) at 23.

and Recommendation. Accordingly, Plaintiff's alleged claims against these six Defendants will also be **DISMISSED with prejudice**. Consequently, Plaintiff's Motion for Alternative Service (Doc. No. 170) and her Motion for Alternative Service and an Extension of Time (Doc. No. 176) are **DENIED**.

Plaintiff's Motion for Declaratory Judgment and Injunctive Relief (Doc. No. 123), Plaintiff's Request for Extraordinary Relief (Doc. No. 197), and Plaintiff's Motion for Extension of Time, which includes a motion for temporary restraining order, (Doc. No. 204) are **DENIED**.

The only Defendant remaining in this case is Jason Scott Robbins, against whom the Clerk has entered default.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE