IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

HOLLIE ANNETTE )
)
v. ) NO. 3:18-1299
)
WILLIAM EDWARD HASLAM, et al. )

**TO: Honorable Eli J. Richardson, District Judge**

## REPORT AND RECOMENDATION

By Order entered January 11, 2019 (Docket Entry No. 7), this *pro se* case was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

For the reasons set forth herein, the undersigned respectfully recommends that the entry of default against Defendant Jason Scott Robbins be set aside, that the claims against him be dismissed, and that a final judgment be entered in this case.

## I. BACKGROUND

Given the extensive proceedings that have occurred in the case and both the Court's and the parties' familiarity with the case, the entirety of the case need not be recounted herein. In brief summary,[1] Plaintiff filed this *pro se* lawsuit in August 2018, bringing claims against 23 named defendants and two "John Doe" defendants "for redress of grievances for the theft and holding hostage, without authority, of my sons and daughters and the ongoing and continuous malicious prosecution against me." *See* Complaint (Docket Entry No. 1) at ¶ 1. The lawsuit is based upon a

---

[1] A more complete summary of the case is set out in the Report and Recommendation entered January 27, 2020 (Docket Entry No. 208).

series of events that first occurred when state officials began an investigation regarding the welfare of Plaintiff's children in 2011 and that have continued in subsequent years. Seeking various forms of relief, Plaintiff alleged violations of state and federal constitutional rights and malicious prosecution.

All Defendants, except for Defendant Jason Scott Robbins, have now been dismissed from the case with prejudice upon orders of the Court. *See* Orders entered September 30, 2019 (Docket Entry No. 196), and March 5, 2020 (Docket Entry No. 215). Eighteen of these defendants were dismissed after filing motions to dismiss that raised sound defenses to Plaintiff's claims. Six of the defendants were dismissed by the Court *sua sponte* upon the Court's determination that the statute of limitations defense raised by other defendants would likewise present a complete defense to Plaintiff's claims against these six defendants. *See* Docket Entry No. 215 at 7-8; Docket Entry No.208 at 22-23.

With respect to Defendant Jason Scott Robbins ("Defendant Robbins"), he is alleged to be a private individual who was a caretaker, guardian, or parent to one or more of Plaintiff's children after the children were removed from Plaintiff's custody by the Tennessee Department of Children's Services and he is alleged to have acted in 2012 to the detriment of Plaintiff. *See* Complaint at ¶¶ 10, 59-67, 117, and 137 and pp. 38-39. On July 18, 2019, the Clerk entered default against Defendant Robbins because he had been served with process but had not responded to Plaintiff's complaint. *See* Entry of Default (Docket Entry No. 167). Although Plaintiff subsequently moved for a default judgment against Defendant Robbins, the Clerk denied this motion because Plaintiff's requested relief was not within the authority of the Clerk to order and because the motion was premature. *See* Denial of Default Judgment (Docket Entry No. 188).

2

## II. ANALYSIS

With 23 of the 24 defendants in this case having been dismissed, this case has effectively been decided against Plaintiff. Although Defendant Robbins remains in the case, he has not been an active defendant, as reflected by the entry of default against him. Nonetheless, the claims against Robbins essentially mirror the claims asserted against some of the dismissed defendants and the claims against Robbins suffer from the same legal deficiency as the claims that were dismissed. Namely, the claims are based upon events that occurred several years ago and warrant dismissal because of the applicable statute of limitations.

Federal Rule of Civil Procedure 55(c) grants the Court the discretion to "set aside an entry of default for good cause." District courts enjoy considerable latitude under the 'good cause shown' standard of Rule 55(c) to set aside the entry of default. *United States v. Real Prop., All Furnishings Known as Bridwell's Grocery*, 195 F.3d 819, 820 (6th Cir. 1999). Although Robbins has not filed a motion to have the default set aside, the Court may act *sua sponte* to set aside the entry of default under Rule 55(c). *Mcintyre v. Ogemaw Cty. Bd. of Commissioners*, 2016 WL 4917537 at *3 (E.D.Mich. Sept. 15, 2016) (court acted *sua sponte* to set aside entry of default and dismiss defaulted defendant). *See Judson Atkinson Candies, Inc. v. Latini–Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008); *Feliz v. Kintock Grp.*, 297 Fed.Appx. 131, 137-38 (3d Cir. 2008); *Anheuser Busch v. Philpot*, 317 F.3d 1264, 1267 (11th Cir. 2003). Factors to consider in determining if good cause exists to set aside the entry of default include: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *Burrell v. Henderson*, 434 F.3d 826, 831-32 (6th Cir. 2006).

3

In the instant case, consideration of these factors weighs in favor of setting aside the entry of default against Robbins. Even if Robbins acted negligently or unreasonably by not responding to this lawsuit, that does not show culpable conduct. *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 327 (6th Cir. 2010). There is no indicia in the record that Robbins displayed either "an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on judicial proceedings," which is necessary to show the type of culpability that weighs against setting aside the entry of default. *$22,050.00 U.S.* Currency, *supra*; *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir.1996). Further, Robbins clearly has a meritorious statute of limitations defense to the claims against him. Not only is this defense "good at law," which is all that Rule 55(c) requires to set aside the entry of default,[2] but the defense has actual merit based upon the facts of this case and has led to the dismissal of multiple other defendants. *See Courser v. Allard*, 2019 WL 6907137 at *2 (W.D.Mich. Dec. 19, 2019) (court acted *sua sponte* to set aside the entry of default and dismiss the claim against the defendant as untimely); *Roberts v. Generation Next, LLC*, 2020 WL 1917087 (D.N.M. Apr. 20, 2020) (court acted *sua sponte* to vacate default judgment and to dismiss claims against defaulted defendant because the claims lacked merit as time-barred); *De Santis v. City of New York*, 2014 WL 228659 at **5-6 (S.D.N.Y. Jan. 22, 2014) (court acted *sua sponte* to vacate default judgment and dismiss claims as untimely). As for prejudice to Plaintiff, the Court fails to see how prejudice would arise given that her case has been dismissed against every other defendant. *See Roberts v. Generation Next, LLC*, 2020 WL 1917087 at *4 (D.N.M. Apr. 20, 2020) ("Plaintiff cannot be prejudiced by Defendant Caster's dismissal in

---

[2] *See $22,050.00 U.S. Currency*, 595 F.3d at 326 ("We have previously stated that a defense is meritorious if it is "good at law," regardless of whether the defense is actually likely to succeed on the merits.").

4

view of the fact that every other Defendant has been dismissed from this lawsuit."). Further, the setting aside of the default merely permits this case to be finally resolved, allowing Plaintiff to proceed with an appeal from a final judgment if she so chooses. *See Courser*, 2019 WL 6907137 at *2 (in setting aside the entry of default and dismissing the claim against the defendant, the court found that it was in the plaintiff's best interest to finally conclude the case with an appealable order).

Upon the setting aside of the entry of default against Robbins, the claims against him in this action should be dismissed based upon the statute of limitations defense. The full analysis of the statute of limitations defense in this case is set out in the Report and Recommendation (Docket Entry No. 208 at 16-20) issued on January 27, 2020, which was adopted by the Order and Memorandum Opinion (Docket Entry No. 215) entered on March 5, 2020. That analysis need not be set out herein as it applies fully to the claims against Robbins and requires the dismissal of the claims against him.

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that the Entry of Default against Defendant Jason Scott Robbins be SET ASIDE and that the claims against him be DISMISSED WITH PREJUDICE.[3] Upon the dismissal of Robbins, all claims in this case will be concluded against Plaintiff and a final judgment should be entered.

---

[3] This Report and Recommendation and the fourteen-day period for objections to be filed by the Plaintiff satisfy the procedural requirements for a *sua sponte* grant of dismissal for failure to state a viable claim for relief against Defendant Robbins. *See Morrison v. Tomano*, 755 F.2d 515, 516-17 (6th Cir. 1984).

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

        Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge