IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| HOLLIE ANNETTE, | ) | |
| Plaintiff, | ) | NO. 3:18-cv-1299 |
| | ) | JUDGE RICHARDSON |
| v. | ) | |
| WILLIAM EDWARD HASLAM, et al., | ) | |
| Defendants. | ) | |

**ORDER AND MEMORANDUM OPINION**

Pending before the Court is a Report and Recommendation of the Magistrate Judge (Doc. No. 216), to which Plaintiff has filed Objections (Doc. No. 220).

**BACKGROUND**

The Magistrate Judge and the Court have previously summarized the facts of this case, in Reports and Recommendations (Doc. Nos. 208 and 216) and in prior opinions (Doc. No. 196 and 215), and the Court need not repeat those summaries here.

**REPORT AND RECOMMENDATION**

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id*. Any objections must state with particularity the specific portions of the Magistrate Judge's report or recommendation to which an objection is made. Local Rule 72.02(a).

The Report and Recommendation at issue (Doc. No. 216) recommends that Plaintiff's claims against the only remaining Defendant, Jason Scott Robbins, be dismissed with prejudice. In order to accomplish that result, the Court would have to set aside the prior Entry of Default (Doc. No. 167) against Robbins.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* Plaintiff's Objections and the portions of the Report and Recommendation to which Plaintiff's objections are made. For the reasons stated herein, the Objections of the Plaintiff are overruled, and the Report and Recommendation is adopted and approved.

## **PLAINTIFF'S OBJECTIONS**

Plaintiff first objects to the Report and Recommendation because, she claims, Jason Scott Robbins ("Robbins") knowingly and willfully failed to defend this action, which (Plaintiff asserts) means that he has admitted the allegations and consented to the action continuing against him. It is true that following an entry of default, the complaint's well-pleaded allegations pertaining to liability are taken as true. *Reid v. Herrera Harvesting LLC,* No. 2:17-cv-229, 2020 WL 2473491, at *1 (E.D. Tenn. May 13, 2020); *Long v. Morgan*, Nos. 2:17-cv-00072, 2:17-cv-00073, and 2:17-cv-00074, __ F. Supp. 3d __, 2020 WL 1514560, at *1 (M.D. Tenn. Mar. 30, 2020). With regard to default judgment, the Court accepts as true the well-pleaded allegations of the complaint and determines whether those allegations state a claim for relief. *Reid*, 2020 WL 2473491, at *1.

However, "[t]here are limitations on the extent to which a failure to respond will work against a defendant. Referring to specific such limitations pertinent to this case, one district court has explained:

> [A]s a general matter, an affirmative defense is waived by virtue of a default. *See In re Estate of Marcos Human Rights Litig.,* 978 F.2d 493, 495 n.2 (9th Cir.1992) (refusing to consider whether action was time barred because "this is an affirmative

defense which was waived by virtue of [the] default"). But this is only because "an entry of default prevents the defendant from disputing the truth of well-pleaded facts in the complaint pertaining to liability." *Conetta v. National Hair Care Centers, Inc.,* 236 F.3d 67, 75-76 (1st Cir. 2001). Here, it is facially obvious from the well-pleaded facts of J & J's complaint, as well as the evidence submitted by J & J in support of the motion for default judgment, that the statute of limitations is a complete defense.

*J & J Sports Prods., Inc. v. Martinez*, No. C-09-4711 JSW (EMC), 2010 WL 1038467, at *6 (N.D. Cal. Mar. 2, 2010), *report and recommendation adopted*, No. C 09-04711 JSW, 2010 WL 1038317 (N.D. Cal. Mar. 19, 2010). Thus, "a defendant may argue [or, as explained below, a court *sua sponte* may conclude], to the degree it is 'facially obvious from the well-pleaded facts of [the] complaint,' that the statute of limitations provides a complete defense to a particular claim." *Harhay v. Starkey*, No. CIV.A.08CV30229MAP, 2010 WL 1904874, at *7 (D. Mass. May 10, 2010) (quoting *Martinez*).

Such is the case here. Here, the Court has already found that accepting the well-pleaded allegations of the complaint as true, they establish conclusively that the limitations period under the applicable statute of limitations has run with respect to 23 of the 24 Defendants (all except Defendant Bonnyman). *See* Doc. No. 196; Doc. No. 215 ("As explained by the Magistrate Judge, the applicable statute of limitations bars Plaintiff's claims against all Defendants except Defendant Bonnyman (who has absolute judicial immunity.") (quoting Doc. No. 208 at 16-20). This includes Robbins. In particular, the claims against Robbins—though not previously dismissed like the claims against the other Defendants, because his default remained to be dealt with— are subject to the same statute of limitations defense upon which all but one of the other Defendants were

dismissed.[1] As the Magistrate Judge found in her previous Report and Recommendation (which was later adopted):

> The statute of limitations defense raised by Defendants has merit and bars Plaintiff's claims against all Defendants other than Defendant Bonnyman. By any fair reading of Plaintiff's complaint, the claims she brings against these Defendants are based upon events occurring in 2011, 2012, and 2014. However, Plaintiff did not file her lawsuit until August 29, 2018, no less than four years and as much as seven years after the events at issue.

(Doc. No. 208 at 16).

Plaintiff also objects to the Magistrate Judge's raising the statute of limitations defense *sua sponte* as to Defendant Robbins. As the Magistrate Judge previously found, however, "[a]lthough a statute of limitations defense is an affirmative defense that ordinarily must be raised by a defendant, the defense may nonetheless be raised *sua sponte* by the Court in circumstances when it clearly applies and when the plaintiff is put on notice that the timeliness of his or her claims is at issue." *Annette v. Haslam*, No. 3:18-1299, 2020 WL 434162, at *12 (M.D. Tenn. Jan. 27, 2020); *see also Mischler v. Bevin*, No. 18-5665, 2019 WL 2644639, at *3 (6th Cir. May 8, 2019) (district court properly *sua sponte* dismissed plaintiff's claims against defendant because "a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint"). Here, Plaintiff was given notice that Defendants were raising a statute of limitations defense in connection with their prior motions to dismiss (*see* Doc. No. 208 at 16-20), and she

---

[1] Indeed, those dismissed Defendants included Defendants who had not yet appeared in this case and thus had filed no motion to dismiss. In particular, the Court dismissed, *sua sponte*, all claims against the Defendants upon whom Plaintiff failed to serve process, stating, "[i]t is clear that the Complaint's allegations against these Defendants arise from the same facts as and would suffer the same fate as those dismissed above, particularly on the basis of the statute of limitations." (Doc. No. 215 at 7).

responded to Defendants' arguments in response to those motions. (*Id*. at 18-20). Those arguments were rejected, and Plaintiff has not shown that the Court's earlier opinions on this issue are incorrect. The cases cited by Plaintiff in her Objections do not persuade the Court otherwise.

Plaintiff further objects that she had no opportunity to amend her complaint, that the statute of limitations should be subject to equitable tolling, and that the continuing violations doctrine should apply. Those arguments have been previously made and rejected. (Doc. Nos. 208, 209 and 215). To the extent Plaintiff continues to assert a right to amend her complaint, the Court notes that any such amendment would be futile.[2]

## **CONCLUSION**

Therefore, Plaintiff's Objections are overruled, and the Report and Recommendation of the Magistrate Judge (Doc. No. 216) is **ADOPTED and APPROVED**. For the reasons stated herein and in the Report and Recommendation, supported by the Court's prior Orders and pursuant to Fed. R. Civ. P. 55(c), the entry of default against Defendant Jason Scott Robbins (Doc. No. 167) is **SET ASIDE,** and the claims against him are **DISMISSED WITH PREJUDICE**.

The claims against the sole remaining Defendant having been dismissed, this action is completely **DISMISSED**, and the Clerk is directed to close the file. This Order shall constitute final judgment in this case for purposes of Fed. R. Civ. P. 58.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[2] The alleged misconduct of Defendant Robbins occurred in 2012, (Doc. No. 216 at 2; Doc. No. 1 at ¶¶ 10, 29-67, 117, and 137), and this action was filed on August 29, 2018.